# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **THOMAS J. HOOGHE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:25-cv-01207** |
| | ) | |
| **JERRY SCOTT, et al.,** | ) | **JUDGE CAMPBELL** |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Thomas Hooghe, a former inmate of the Sumner County Jail[1] proceeding pro se, filed a Complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.) Plaintiff supplemented his IFP application a month later. (Doc. No. 6.)

The Complaint is now before the Court for initial review under the Prison Litigation Reform Act (PLRA).

## I. PAUPER STATUS

Subject to certain statutory requirements, *see* 28 U.S.C. § 1915(a)(1)–(2), (g), a prisoner bringing a civil action may be permitted to proceed as a pauper, without prepaying the $405 filing fee. Between Plaintiff's IFP application and his supplemental filing, he has provided the financial affidavit (Doc. No. 2 at 1–2) and certification of his inmate trust account history (Doc. No. 6) required by Section 1915. These filings indicate that he could not afford to pay the entire filing fee at the time of filing. Plaintiff's IFP application (Doc. No. 2) is therefore **GRANTED**.

---

[1]    Plaintiff's Sumner County sentence appears to have expired earlier this year. (*See* Doc. No. 1 at 4 (noting that the misdemeanor sentence was "set to expire on Feb. 14, 2026").) He is now in the custody of the Davidson County Sheriff's Office. (*See* Doc. No. 8.)

Prisoners bringing civil lawsuits or appeals are nevertheless "required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Where the prisoner proceeds IFP, the fee is $350 instead of $405, *see id.* § 1914(a)–(b) & Dist. Ct. Misc. Fee Schedule, provision 14 (eff. Dec. 1, 2023), and may be paid in installments over time via an assessment against his inmate trust account. 28 U.S.C. § 1915(b)(1)–(2).

Accordingly, Plaintiff is **ASSESSED** a $350 filing fee. The fee will be collected in installments as described below.

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

2

## II. INITIAL REVIEW

### A. Legal Standard

In cases filed by prisoners, the Court must conduct an initial screening and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

To determine whether the Complaint states a claim upon which relief may be granted, the Court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A viable claim is stated under 42 U.S.C. § 1983 if the Complaint plausibly alleges (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The Court must afford the pro se Complaint a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to Plaintiff. *Inner City*, *supra*.

**B. Analysis**

Plaintiff sues Sumner County Sheriff Eric Craddock and Sumner County Jail Administrator Jerry Scott, as the officials who set and implement Jail policy, respectively. (Doc. No. 1 at 1–2, 4.) He claims violations of his First and Fourteenth Amendment rights (*id.* at 3) resulting from the application of a Jail policy to deprive inmates of television, radio, newspapers, magazines, or books, or any other "outside media," unless such media is "purchased through computer tablets issued by the jail." (*Id.* at 5.) Plaintiff filed grievances opposing "the banning of all outside media, unless purchased from the [Defendants] in the form of computerized tablets," but received no relief. (*Id.* at 7.) He seeks an award of monetary damages and injunctive relief. (*Id.* at 5.)

"[I]mprisonment does not automatically deprive a prisoner of certain important constitutional protections, including those of the First Amendment." *Beard v. Banks*, 548 U.S. 521, 528 (2006) (citing *Turner v. Safley*, 482 U.S. 78, 93 (1987)). "Encompassed in the First Amendment's freedom of speech is a freedom to read," so where "[i]ndigent detainees have no access to a tablet and thus no access to reading materials" under a digital media-only policy, the First Amendment is implicated. *Simpson v. Windings*, No. 23-CV-3190-NJR, 2024 WL 3595464, at *2–3 (S.D. Ill. July 30, 2024) (citing *King v. Fed. Bureau of Prisons*, 415 F.3d 634, 638 (7th Cir. 2005); *Stanley v. Georgia*, 394 U.S. 557, 564 (1969)); *see also Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012) (finding that "[a] prison's refusal to allow an inmate access to a book presents a substantial First Amendment issue"). Thus, "[a] ban on all media in jail is permissible only if it is 'reasonably related to legitimate penological interests' and 'not an exaggerated response to such objectives.'" *Hancock v. Rowland*, No. 1:15-CV-00055, 2015 WL 4459171, at *2 (M.D. Tenn. July 20, 2015) (quoting *Beard*, 548 U.S. at 528; *Turner*, 482 U.S. at 87). To enable that determination, the facts must be developed. *Id.*

4

At this early stage, the Complaint is to be liberally construed, and all reasonable inferences must be drawn in Plaintiff's favor. On such a reading, the Complaint, though short on factual allegations, is sufficient to assert a plausible claim that Defendants implemented a policy at the Sumner County Jail making access to reading material and other "outside media" contingent upon the inmates' ability to pay for digital content, in violation of Plaintiff's First Amendment rights. Plaintiff's claim for damages will proceed for further development.

However, because Plaintiff is no longer in Sumner County custody and thus no longer subject to the allegedly infringing policy, his claim for injunctive relief will be dismissed as moot. *See*, *e.g.*, *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (finding that claim for damages must be further reviewed, while claims for declaratory and injunctive relief "are now moot as [plaintiff] is no longer confined to the institution" where his rights were allegedly violated); *Gray v. Farmer*, No. 5:23-CV-112-KKC-MAS, 2025 WL 595142, at *1 (E.D. Ky. Feb. 24, 2025) (citing cases).

### III. CONCLUSION

As explained above, Plaintiff's claim for monetary damages will be allowed to proceed against Defendants Craddock and Scott.[2] His claim for injunctive relief is **DISMISSED** as moot.

In light of this Order's explanation of the status of this case, Plaintiff's letter-request for the same (Doc. No. 9), construed here as a motion, is **GRANTED**.

The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons (AO 440) and USM 285 form) for each of Defendants Craddock and Scott. Plaintiff **MUST** complete the service packets and return them to the Clerk's Office within **30 DAYS** of this Order's entry on the docket. Failure to do so may result in the dismissal of this case. Upon return of the properly

---

[2] The Court's determination that the Complaint states a colorable claim for purposes of this initial screening does not preclude any Defendant from filing a motion to dismiss under Federal Rule of Civil Procedure 12.

5

completed service packets, the Clerk is **DIRECTED** to issue summons to the U.S. Marshals Service for service on the defendants. Fed. R. Civ. P. 4(b) and (c)(3).

This action is **REFERRED** to the Magistrate Judge to oversee service of process, to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

6